(No. 74-857—)

GRAYBAR ELECTRIC COMPANY, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed April 25, 1977.*

SPIVACK, J.

Claimant seeks recovery from the State in the sum of One Thousand One Hundred Thirty-Four Dollars ($1,134.00) on account of one roll of electrical wire furnished on an emergency basis to the Illinois State Penitentiary at Vienna. Respondent defends upon the ground that the wire in question was a replacement for a defective roll previously paid for and returned. The return of the defective roll to Claimant is the only issue of fact, the determination of which is dispositive of the case at bar.

The matter was assigned to Commissioner Rath who conducted a hearing on June 27, 1975. Thereafter, the transcript of the evidence together with the Commissioner's Report was duly filed with this Court.

The evidence adduced showed that Claimant had informed the State Penitentiary that upon receipt of the defective reel of wire, full credit would be issued. Claimant's records failed to disclose actual receipt of the wire

and also failed to disclose any refusal by the State to return the defective wire.

Respondent's witnesses testified that arrangements were made to replace the damaged wire through Claimant's suppliers in St. Louis, Missouri. An employee of the Vienna Correctional Center was designated to drive an institutional vehicle to St. Louis, delivering the defective wire, and in return picking up the replacement wire. The evidence showed that the damaged wire was loaded onto the institutional truck by the employees at Vienna Correctional Center. The employee left with the damaged wire and returned the same day with a comparable roll of new wire of the same classification, size and configuration. The State employee who drove the damaged wire to St. Louis to pick up the new wire testified that he drove the wire to the premises of Claimant's supplier in St. Louis, unloaded the defective wire, and loaded a comparable spool of new wire which he then returned to the Correctional Center. The rolls of wire were of such a size that only one roll could be placed in the pick-up truck at a time.

The testimony of Respondent's employee to the effect that the damaged wire was returned to Claimant's supplier in St. Louis stands unrefuted and uncontradicted. The burden of proof falls upon the Claimant to prove by preponderance of the evidence the material allegations which constitute the claim. In the present case Claimants have failed to sustain their burden of proof; in fact, it might be observed that the preponderance of the evidence demonstrates that the damaged roll of wire was in fact returned to Claimant's supplier in St. Louis at the time that the new wire was picked up.

There are no questions of law to be determined in this case, and the sole question of fact going to the

issues having been decided adversely to the Claimant.

The claim is hereby denied.